[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The plaintiff, Chase Manhattan Bank f/k/a Chemical Bank, moves for summary judgment as to liability as against Joseph M. Grasso a/k/a Joseph Grasso and Joanne M. Grasso a/k/a Joanne Mercede Grasso a/k/a Joanne Grasso (the defendants) on the ground that no genuine issue of material fact exists that the plaintiff is entitled to foreclosure. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000). To the complaint, defendant filed an answer and two special defenses as follows: that "the plaintiff is barred and estopped from pursuing the instant action as plaintiff has failed to properly account for all payments and credits properly due Joanne and Joseph Grasso, and is thereby barred and estopped from bringing the instant action" and "the plaintiff is barred and estopped from collecting late charges for payments not made." Neither special defense attacks the making, enforcement, or validity of the note or mortgage and neither arises out of the same transaction as the foreclosure action.
In an order dated August 2, 2000, the court (Rodriguez, J.) denied the plaintiff's prior motion for summary judgment on the ground that the plaintiff failed to submit any evidence that it informed the defendants of their right to reinstate alter acceleration. In its memorandum dated September 20, 2000, the plaintiff states it "provided the notice of default as an exhibit to the Motion for Summary Judgment, which notifies the Defendants of their right to reinstate after acceleration. The Plaintiff further supplied the court with its Supplemental Affidavit dated March 18, 2000 which is a sworn testimonial to the fact that the Notice of Default was sent." The court, however, did not find the notice of default attached as an exhibit to the motion for summary judgment dated March 15, 2000, but does find the notice of default attached as an exhibit to the motion for summary judgment dated September 20, 2000. Here, the notice of default states "[y]ou have the right to be reinstated after acceleration." Consequently, the court finds that no genuine issue of material fact exists that the plaintiff informed the defendants of CT Page 1042 their right to reinstate after acceleration.
The plaintiff's notice of default was effective notwithstanding the defendants' pending bankruptcy action. "Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against `the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case.'" Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2nd
Cir. 1994). Here, the defendants claim that the notice of default was not effective because it violated the automatic stay provision in bankruptcy. The sending of the notice, however, is not a "judicial, administrative, or other action or proceeding against the debtor." An action "is defined to be any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree." Black's Law Dictionary (7th Ed. 1999). The notice of default did not violate the bankruptcy's automatic stay provision because it did not constitute the initiation of a judicial proceeding against the defendants. Cf. RexnordHoldings, Inc. v. Bidermann, supra, 21 F.3d 527 ("we do not believe that the simple and `ministerial' act of the entry of a judgment by the court clerk constitutes the continuation of a judicial proceeding under section 362(a)(1)"). Consequently, the court finds that the notice of default was effective.
Accordingly, the court grants the plaintiff's motion for summary judgment as to liability only against the defendants.
RESHA, J.